UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **HARDEN REEVES, JR.** | : | **DOCKET NO. 2:14-cv-2379** |
| **VS.** | : | **JUDGE JAMES T. TRIMBLE** |
| **LOUISIANA TRANSPORTATION, INC. ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a motion to remand filed by the plaintiff Harden Reeves, Jr. in response to a Notice of Removal filed by defendants Walter Behar, Louisiana Transportation, Inc., Louisiana Transportation, Inc., of Michigan, and Cherokee Insurance Company (hereinafter "defendants"). In addition to remand, the plaintiff seeks attorney's fees and costs. For the reasons set forth below the motion is **DENIED**.

### I. FACTS & PROCEDURAL HISTORY

On November 19, 2012, the plaintiff allegedly sustained injuries when a Freightliner backed into and collided with his truck. The plaintiff filed a petition in state court on November 15, 2013, seeking damages for injuries allegedly sustained to his neck, upper back, and right leg. He seeks past, present, and future medical costs, damages for present and future mental and physical pain and disability, loss of future earning capacity, and loss of enjoyment of life. Doc. 1, att. 4, p. 3. The petition further stated that "at this time, [the plaintiff's] damages do not exceed the [the] jurisdictional amount necessary for a trial by jury."[1] *Id.*

---

[1] The jurisdictional amount required for a civil jury trial in Louisiana is $50,000. La. Code Civ. Proc. Ann. art. 1732.

On July 3, 2014, defendants obtained medical records from the Department of Veterans' Affairs showing that the plaintiff had undergone surgery to replace his right knee on June 23, 2014. Doc. 1, p. 3; Doc. 1, att. 6. On July 25, 2014, defendants removed this matter pursuant to 28 USC 1446(b)(3) and suggested in their Notice of Removal that jurisprudence indicates that plaintiffs who have undergone knee replacement surgery have regularly recovered amounts well in excess of the $75,000 required for a federal court to exercise jurisdiction.

In his motion to remand the plaintiff claims that the defendants' removal is not timely because they had received notice of the planned knee surgery on at least two occasions prior to July 3, 2014. Attached to their motion are records provided to the defendant during discovery. One is the record of a visit to a doctor's office indicating that the plaintiff "needs knee replacement" and the other is an e-mail referencing the scheduling of a deposition in which the plaintiff's attorney stated that the plaintiff would not be available for deposition in June because "he is having knee surgery that month." Doc. 5, att. 2, p. 8; Doc. 5, att. 3. The e-mail was sent on June 3, 2014, and the record of the plaintiff's visit to the doctor's office was sent on April 28, 2014, and again on June 9, 2014. The plaintiff claims that the defendants failed to file their Notice of Removal within thirty days of receiving that information and thus their removal was untimely under the "other paper" provision of 28 USC 1446(b)(3). The plaintiff further asserts that the defendants have not shown by a preponderance of the evidence that the amount in controversy is met in this case because the value of his claims remains ambiguous and plaintiff specifically stated in his petition that his damages did not exceed $50,000. Doc. 5, att. 1.

The defendants respond with the assertion that the two documents referenced by the plaintiff do not indicate that he had actually undergone surgery but that surgery was needed and had merely been scheduled. The defendants maintain that the record they received on July 3,

2014, was the first that showed that the surgery had actually occurred and thus their Notice of Removal filed on July 25, 2014 was timely. Doc. 7, p. 6.

Both parties maintain that diversity is not at issue in this case. Doc. 7, p. 4.

## II. LAW & ANALYSIS

*A.     Remand*

   *1.     Timeliness of the Notice of Removal*

District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2013). Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a) (2013). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Generally, in order to properly remove a case to federal court a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). This 30-day period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of [$75,000]" *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). When the initial pleadings do not provide clear grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2013). "[T]he information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally

clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

We find that the defendants' Notice of Removal was timely filed in this case. The plaintiff's discovery responses indicate only that surgery was needed and that it had been planned. We do not accept that this made it unequivocally clear that the case was removable. The plaintiff's petition stated that his damages did not exceed $50,000 "at this time," and, while the surgery may well put this case within the parameters of federal jurisdiction, we find that it could not in any event have done so unless and until that surgery actually took place. Doc. 1, att. 4, p. 3. The records received on July 3, 2014, were the first to indicate that the surgery had, in fact, occurred. The Notice of Removal was filed within thirty days of the receipt of those records.

### 2. *Amount in Controversy*

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000) (citing La.Code Civ. Proc. Art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Lucket v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. Lucket, 171 F.3d at 298.

Even if a defendant meets this burden, remand is still proper if the plaintiff demonstrates that it is legally certain that its recovery will not exceed the jurisdictional amount. *De Aguilar v.*

*Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Plaintiffs can meet this burden by filing a pre-removal binding stipulation or affidavit affirmatively renouncing their right to accept a judgment in excess of $75,000.00. *Id.* at 1412 (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam ).

Guided by this we find that the defendants have carried their burden of showing by a preponderance of the evidence that the amount in controversy is met. First the record shows that the plaintiff has undergone a total knee replacement to his right knee, the same limb which he alleges was injured in the accident. Second in their Notice of Removal the defendants direct our attention to three cases in which knee replacement surgeries have resulted in damage awards of well over $75,000. See e.g., *Trueman v. City of Alexandria*, 2001-1130 (La. App. 3 Cir. 5/15/02); 818 So.2d 1021. *Adams v. Department of Transp. and Development of State of La.*, 536 So.2d 476 (La. App. 1 Cir. 1988); *Crooks v. National Union Fire Ins. Co.*, 620 So.2d 421 (La. App. 3 Cir. 1993). Third the plaintiff's petition states that his damages do not exceed $50,000 "at this time." Doc. 1, att. 4, p. 3. We find that the phrase "at this time" indicates that the damages were under $75,000 *before* the surgery occurred.

Since the defendants have met their burden, the plaintiff is required to show us to a "legal certainty" that his damages do not exceed $75,000. He has produced no evidence to show that they will not. Accordingly we find the requisite amount in controversy has been satisfied.

## B.   *Attorney's Fees and Costs*

The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to

believe the removal was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing *Valdes,* 199 F.3d at 293). Having found the removal proper, we cannot conclude that the defendants' assertions were unreasonable.

### III. CONCLUSION

For the reasons stated above, the plaintiffs' motion to remand is hereby **DENIED**.

THUS DONE this 22nd day of October, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE