U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP - 8 2015

TONY R. MOORE, CLERK
BY _____ *MB*
DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **HARDEN REEVES** | **CIVIL ACTION NO. 2:14-2379** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **LOUISIANA TRANSPORTATION, INC., ET AL** | **MAG. JUDGE KAY** |

**MEMORANDUM RULING**

Before the court is a "Motion for Summary Judgment" (R. #31) wherein, defendant, Green Man Recycling, Inc. moves to be dismissed from the instant lawsuit pursuant to Federal Rule of Civil Procedure 56, because there is no genuine issue of material fact for trial.  For the following reasons, the motion will be granted.

**FACTUAL STATEMENT**

The instant matter involves a vehicle accident that occurred on November 19, 2012 at the Southern Recycling in Lake Charles, Louisiana. [1] On that day, Walter Behar was operating a Freightliner which allegedly caused damage to plaintiff when Behar backed into plaintiff's vehicle.  Walter Behar was not an employee of Green Man Recycling, Inc.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any

---

[1] Petition for Damages, R. #1.

material fact and that the moving party is entitled to judgment as a matter of law.[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6]  The burden requires more than mere allegations or denials of the adverse party's pleadings.   The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light more favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.[9]

## LAW AND ANALYSIS

In his petition, plaintiff alleged that defendant, Green Man Recycling, Inc. ("Green Man"), was plaintiff's employer.  After discovery and in support of this motion, Green Man has submitted unrefuted summary judgment evidence which establishes otherwise.  Specifically,

---

[2] Fed. R. Civ. P. 56(c).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
[4] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).
[5] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).
[6] Anderson, 477 U.S. at 249.
[7] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[8] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[9] Anderson, 477 U.S. at 249-50.

Green Man did not own or lease the Freightliner that allegedly was involved in the incident, nor did Green Man control the method or manner in which Walter Behar, the driver of the Freightliner, operated the Freightliner when he made the scrap metal pick-up and delivery. Co-defendants, Louisiana Transportation, Inc. and Walter Behar, have informed counsel for Green Man that Louisiana Transportation, Inc. has accepted responsibility for its employee, Walter Behar and/or independent contractor.[10]

## CONCLUSION

The court notes that plaintiff has failed to submit any summary judgment evidence to dispute the fact that Green Man was not Behar's employer on the date of the accident. Furthermore, plaintiff has failed to oppose Green Man's motion for summary judgment and the time for doing so has now passed.  Accordingly, the court will dismiss Green Man from the instant lawsuit.

**THUS DONE AND SIGNED** in chambers on this _____ day of September, 2015.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] Green Man exhibit 3; Green Man exhibit 2, Affidavit of Jimmy Davis; Green Man exhibit 5, Walter Behar depo.

3